**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1948
_____

THOMAS WOOD,
                                        Appellant

v.

SGT.  DETWILER; OFFICER FOGELMAN;
OFFICER BROWN, of SCI Rockview

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-02450)
District Judge:  Honorable James M. Munley

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 11, 2019

Before:  JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed August 29, 2019)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Thomas Wood appeals the District Court's grant of summary judgment in his civil rights action. As this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Wood filed his suit against Sergeant Barry Detwiler, Officer Andrew Fogelman, and Officer Joshua Brown (collectively, "Defendants") for an incident that occurred while Wood was an inmate housed at the State Correctional Institution at Rockview. Wood alleged that another inmate, Solomon Carter, made threats on December 8, 2014, which Defendants "blatantly ignored." Am. Compl. 2. Carter later attacked Wood with a razor blade. Wood alleged that Defendants watched the attack take place for several minutes before intervening. Wood maintained that Defendants "knew of the serious risk that inmate Carter posed to [Wood]" and, as a result, Wood had a claim for failure to protect. Am. Compl. 3.

Defendants moved for summary judgment, arguing that Wood failed to administratively exhaust his claims[1] and failed to meet his burden of proving an Eighth Amendment violation for failure to protect. In granting summary judgment, the District Court first found that, while Wood pursued administrative relief through all levels of the internal prison grievance system, he failed to properly exhaust his claims because he did not identify Defendants in any grievance documents—despite being made aware of

---

[1] The Prison Litigation Reform Act requires an inmate to exhaust "such administrative remedies as are available" before bringing suit under 42 U.S.C. § 1983 to challenge prison conditions. Ross v. Blake, 136 S. Ct. 1850, 1854–55 (2016) (quoting 42 U.S.C. § 1997e(a)).

2

Defendants' names during the grievance process.[2]  Alternatively, the District Court held that, even if Wood had exhausted his administrative remedies, Defendants were still entitled to summary judgment because Wood failed to offer evidence to support his Eighth Amendment claims.  Specifically, the District Court found that the declarations Defendants had entered into the summary judgment record—which stated they had no information or knowledge that Carter posed a danger to Wood—were not disputed by any evidence put forth by Wood.  As to a failure to intervene, the District Court noted that the undisputed evidence in the record—specifically, video of the incident and the declarations of Defendants—demonstrated that the Defendants responded immediately to the altercation.  Consequently, the District Court held that there was no genuine issue of material fact for trial.  Wood timely appealed.

We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's ruling on a motion for summary judgment de novo.  Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011).  Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006).  A party opposing summary judgment

_____

[2] In Pennsylvania, inmate grievances are handled according to the Department of Corrections' Inmate Grievance System Policy DC-ADM 804.  See Dkt. #68-1.  This policy, among other things, requires grievances to "include the date, approximate time, and location of the event(s) that gave rise to the grievance," and to "identify individuals directly involved in the event(s)."  DC-ADM 804 § 1(A)(11).

3

must cite to specific materials in the record that demonstrate the existence of a disputed issue of material fact. Fed. R. Civ. P. 56(c)(1)(A). Summary judgment must be granted against a party who fails to establish the existence of an essential element to that party's case, if that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).

In this case, Defendants are entitled to summary judgment because Wood failed to offer evidence supporting the essential elements to his Eighth Amendment claims.[3] In order to survive summary judgment on his failure to protect claim, Wood needed to point to evidence in the summary judgment record showing that: "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012); see also Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997). The first element sets out an objective inquiry: whether the official "knowingly and unreasonably disregarded an *objectively* intolerable risk of harm." Beers-Capitol v. Whetzel, 256 F.3d

---

[3] Because we agree with the District Court on this point, we need not decide whether the District Court correctly ruled that Wood failed to exhaust his claims. Here, the identity of Defendants was known throughout the grievance procedure; thus, Wood's failure to name them in his grievances is not dispositive as to whether he properly administratively exhausted his claims. Cf. Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004) (holding that a prison can excuse an inmate's failure to identify "by identifying the unidentified persons and acknowledging that they were fairly within the compass of the prisoner's grievance"); see also Rinaldi v. United States, 904 F.3d 257, 271 (3d Cir. 2018) (reaffirming that "when an inmate's allegations have been fully examined on the merits and at the highest level, they are, in fact, exhausted" (internal quotation marks omitted)).

120, 132 (3d Cir. 2001) (emphasis added). The second element, "deliberate indifference," is a subjective standard: "the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." Bistrian, 696 F.3d at 367 (quoting Beers-Capitol, 256 F.3d at 125).

Here, Wood pointed to no evidence in the summary judgment record that tended to show that Carter presented an objectively intolerable risk of harm,[4] or that Defendants had the subjective knowledge necessary for his failure to protect claim. Indeed, Defendants' written declarations indicated that they had no information that Carter posed any danger to Wood or others. Wood's deposition testimony does not put these declarations into dispute, and other evidence in the record tends to support Defendants' declarations.[5] Accordingly, the District Court correctly determined that Defendants were entitled to summary judgment, as Wood failed to establish an essential element to his failure to protect claim.[6] See Bistrian, 696 F.3d at 367; Celotex Corp., 477 U.S. at 322–23.

---

[4] Wood's evidence as to this element consisted of his own deposition testimony that Carter was "crazy" and that, after the attack, other unnamed inmates told him that Carter should have been in a mental health unit.

[5] Wood's own responses during the grievance process acknowledge that Defendants were unaware that Carter posed a danger. See Dkt. 68-1 at 59 ("I made no claim that those 'involved' [Defendants] were the ones that knew of inmate Carter's intentions. Of course no one 'had received any information' of what inmate Carter had intended[.]").

[6] We likewise hold that Wood failed to offer any evidence to support his allegation that Defendants chose to stand by and watch the assault for several minutes before intervening. See Bistrian, 696 F.3d at 371 (holding that a corrections officer who fails to intervene in an assault may be liable if the officer had "a realistic and reasonable opportunity to intervene" and "simply refused to do so" (quoting Smith v. Mensinger,

For the foregoing reasons, we will summarily affirm the District Court's judgment.

---

293 F.3d 641, 650–51 (3d Cir. 2002))). The District Court reviewed video clips of the incident and noted the clips demonstrated there was an immediate response to the altercation: four seconds after the attack, an officer radioed for assistance and, five seconds after that, Fogelman and Brown intervened. The District Court also noted that other video clips from different angles show Fogelman and Brown on the scene between sixteen to twenty-nine seconds after the assault started, and that all three clips demonstrated that Wood and Carter were removed from the scene less than three minutes from when the assault began. This corroborated the declarations of Defendants, and Wood provided no evidence to dispute this sequence of events or to show how Defendants could have reasonably intervened sooner.